UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ARUN RATTAN,                )
                            )
     Plaintiff,             )
                            )
v.                          )     No. 3:12-CV-196
                            )
KNOX COUNTY SHERRIF'S OFFICE,)
OFFICER CHRISTOPHER BRADLEY and)
KNOX COUNTY                 )
                            )
     Defendants.            )

ORDER

## I.  Introduction

This matter is before the Court on Defendants' Motion to Dismiss, Plaintiff's motions for a scheduling order and motion for a ruling [Doc. 17, 29, and 30.]. The Defendant's Motion to Dismiss avers that the Knox County Sheriff's Office is immune from suit under 42 U.S. C. §1983. Second, the Motion correctly states that punitive damages are not recoverable against counties in a §1983 action. *Id.* The Plaintiff concedes that the Knox County Sheriff's Office should be removed as a defendant, but he insists that he can recover punitive damages from Knox County pursuant to the doctrine of joint and several liability. [Doc. 26 ¶ 2.]

## II.  Jurisdiction

The Court notes that it has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as the Plaintiff asserts a claim for violations of several constitutional rights and a claim under 42 U.S. C. §1983.

## III.  Statement of the Facts

The Plaintiff, Arun Rattan, filed a complaint against the Knox County Sherriff's Office,

and Knox County on April 4, 2012. [Doc. 1.] According to the Amended Complaint, the Plaintiff was denied his constitutional rights when police officers, responding to a report of domestic violence, arrested the Plaintiff. [Doc. 11. ¶ 1-8.] The Plaintiff asserts that he was arrested before he could tell his side of the story. [Doc. 11. ¶ 31.] The Plaintiff claims that the arrest was unconstitutional and in violation of federal statute 42 U.S. C. §1983. [Doc. 11. ¶ 50.] The Plaintiff seeks damages "up to the amount of $1,000,000. [Doc. 11. ¶ 56.]

IV. Analysis

    a. Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). When considering a Rule 12(b)(6) motion, a court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party. *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009). To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim.

Typically, matters outside the pleadings may not be considered in ruling on a Rule 12(b)(6) motion unless the motion is converted to a motion for summary judgment. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). However, a court may consider any documents attached to a motion to dismiss to be part of the pleadings if they are referred to in the plaintiff's

complaint and are central to the plaintiff's claim. *Id.* at 89. In this case, the Court will consider only the Amended Complaint, the Motion to Dismiss and the Plaintiff's Response without converting this Motion to Dismiss to a motion for summary judgment.

### b. 42 U.S.C. § 1983

The Plaintiff is suing the Knox Country Sheriff's Office, Knox County and Officer Christopher Bradley pursuant to 42 U.S.C. § 1983. The Plaintiff has agreed that a suit against the Knox County Sheriff's Office is improper; consequently, the Court will examine the remaining two Defendants more thoroughly. 42 U.S.C. § 1983 provides a cause of action where a person acting "under the color of state law" has violated a plaintiff's constitutional or federal rights. *Dorsey v. Barber*, 517 F.3d 389, 394 (6th Cir. 2008). A good starting point is to understand the relationship between the Eleventh Amendment and 42 U.S.C. § 1983. The Eleventh Amendment prohibits federal courts from hearing a damages claim against a state and its entities except where Congress has explicitly abrogated a state's immunity or where the state itself has consented to suit. *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940 (6th Cir. 1990). States have not consented to being sued under § 1983, and the Supreme Court has held that Congress did not abrogate states' immunity when it passed 42 U.S.C. § 1983. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus, states may not be sued for monetary damages under § 1983. *Id*. While the Eleventh Amendment bars § 1983 actions against the State itself, plaintiffs may sue "persons" acting color of state law. *Id*.

Under § 1983, plaintiffs may sue state employees in their "official" capacity (so long as it is for prospective injunctive relief), state employees in their "personal" capacity (for monetary damages or injunctive relief), and private parties who acted under color of state law. *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985). The capacity in which a public officer or employee is

sued has an effect on what the plaintiff must prove to establish liability, what defenses are available, and what remedies the plaintiff may seek. *Id*.

The Supreme Court has held that state employees may not be sued in their official capacity for monetary damages. *Hafer*, 502 U.S. at 25. More precisely, the Supreme Court has held that state employees sued in their official capacity for monetary damages are not "persons" within the meaning of § 1983. *Id*. This is because "the real party in interest in an official-capacity suit is the governmental entity and not the named official." *Id*. Thus, the Supreme Court has made clear that suits "against state officials in their official capacity [for monetary damages] therefore should be treated as suits against the State," and as previously stated, the Eleventh Amendment bars §1983 actions against the state for monetary damages. *Id*. "The purpose behind placing state officials sued in their official capacities out of range of a § 1983 claim [for monetary damages] is that *such a suit, in essence, is a suit against the state*, which is not a permissible defendant in a § 1983 action." *Okwa v. Harper*, 360 Md. 161, 193 (Md.Ct.App. 1999) (emphasis added). However, there is an exception: a state employee sued in his official capacity for *prospective injunctive relief* qualifies as a "person" within the meaning of § 1983, and thus may be sued.[1]

In contrast, suits against state employees in their personal capacity are not treated as suits against the state: "By contrast [to official-capacity suits], officers sued in their personal capacity come to court as individuals." *Hafer*, 502 at 27. In *Hafer*, the Supreme Court held that state employees sued in their personal capacity are "persons" within the meaning of § 1983. *Id*. The point was to make clear that suits against state employees in their personal capacity are not

---

[1] "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State. . . " *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, n.10 (1989).

treated as suits against the state. *Id*.

Impressively, the Plaintiff has somehow managed to write an initial Complaint [Doc. 1.], an Amended Complaint [Doc. 11.], A Response in Opposition to the Defendant's Motion to Dismiss [Doc. 26.], and, in fact, and entire record of filings without citing a single case, much less a case that supports the Plaintiff's arguments. Municipalities cannot be sued for punitive damages[1] and the Plaintiff's argument concerning joint and several liability is without legal merit. While the Defendant officer could be sued in his personal capacity, the Plaintiff has made no effort to establish that the officer was acting under the color of the state.

## V.  Conclusion

For the aforementioned reasons, the Court finds that the Plaintiff has not stated a claim upon which relief can be granted. There is simply no basis for this claim to proceed any further. Consequently, the Defendants' Motion to Dismiss [Doc. 17.] is **GRANTED** and the Plaintiff's Motion for a Ruling and Motion for a Scheduling Order [Docs. 29 and 30.] are **DENIED AS MOOT.**

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge

---

[1] *Jefferson v. City of Tarrant,* 522 U.S. 75, 79 (1997).